**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- X

PALCO TELECOM SERVICE, INC.,          :                      **INDEX NO.**

                          :

                       Plaintiff,        :

                            :

             – against –            :

                            :

GLOBAL WARRANTY GROUP, LLC,        :

                            :

                     Defendant.    :

                            :

------------------------------------------------------------------- X

        Plaintiff, PALCO TELECOM SERVICE, INC. ("PALCO"), by its undersigned attorneys, with this Complaint against GLOBAL WARRANTY GROUP, LLC ("GLOBAL"), respectfully shows this Honorable Court and alleges upon information and belief as follows:

<u>**JURISDICTION AND VENUE**</u>

        1.     This action is within the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 because, as set forth below, the parties are diverse and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

        2.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because, as set forth below, the Defendant is a resident of the State of New York with an office in this judicial district and a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred in this judicial district.

<u>**THE PARTIES**</u>

        3.     Plaintiff PALCO at and during all times hereinafter mentioned was and is a foreign business corporation organized and existing under the laws of the State of

Alabama, with an address and principal place of business at 2914 Green Cove Road SW, Huntsville, Alabama.

        4.     At and during all the times hereinafter mentioned, PALCO was engaged in business as a service provider of reverse logistics, including the repair, refurbishing, and remanufacturing of cell phones.

        5.     At and during all the times hereinafter mentioned, Defendant GLOBAL was a domestic limited liability company capable of being sued in this Court, with an address and principal place of business located at 500 Middle Country Road, Suite 100, Saint James, New York 11780.

        6.     Presently, and at and during all the times hereinafter mentioned, GLOBAL's registered agent authorized to accept service of process is the Corporate Service Company, with an office at 80 State Street, Albany, New York 12207.

        7.     Upon information and belief, Charles Pipia is the sole member of GLOBAL and is a domiciliary of the State of New York.

        8.     Upon information and belief, the members of GLOBAL are domiciliaries and/or citizens of States other than the State of Alabama.

        9.     At and during all the times hereinafter mentioned, Defendant GLOBAL was engaged in selling insurance for, or warranties on, cell phones through various retail channels and agreeing to, *inter alia*, replace or repair GLOBAL's customer's damaged cell phones.

## STATEMENT OF CLAIM

10.     On or about July 16, 2013, PALCO and GLOBAL entered into an agreement whereby, in exchange for monetary compensation to be paid by GLOBAL, PALCO would repair, refurbish, and/or remanufacture cell phones provided by GLOBAL to PALCO.

11.     At and during all the times hereinafter mentioned, PALCO and GLOBAL agreed that PALCO would charge, and GLOBAL would pay, for PALCO's repair, refurbishing, and/or remanufacturing services based upon the model of the cell phones and the volume of the cell phones provided by GLOBAL to PALCO to be repaired, refurbished, and/or remanufactured as set for in the "Global Warranty Group Quotation," dated July 16, 2013.

12.     Pursuant to the services and pricing set forth in the "Global Warranty Group Quotation," dated July 16, 2013, GLOBAL commenced sending defective cell phones to PALCO for repair, refurbishing, and/or remanufacturing.

13.     Through a series of emails, GLOBAL authorized PALCO to buy replacement parts for, and perform the repairs upon, the cell phones GLOBAL provided to PALCO, which such replacement parts PALCO purchased and such repairs PALCO performed, but for which GLOBAL has not paid PALCO.

### AS AND FOR PLAINTIFF'S
### FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

14.     Plaintiff incorporates by reference paragraphs "1" through "13" of this Complaint as if herein stated in full.

15.     This is a case of Plaintiff PALCO's loss resulting from the breach or other neglect by the Defendant GLOBAL of its contractual duties as a party to the

agreement with respect to the repair, refurbishing, and/or remanufacturing services performed by PALCO upon cell phones provided by GLOBAL, or following therefrom and related thereto, by, *inter alia*, Defendant GLOBAL not paying amounts owed to PALCO.

16.     PALCO has fully performed its obligations under the parties' agreement and Defendant GLOBAL has not.

17.     Any obligation not performed by PALCO has been waived by Defendant GLOBAL and/or Defendant GLOBAL is estopped from asserting such non-performance.

18.     PALCO has completed repair, refurbishing, and/or remanufacturing services upon various cell phones provided by GLOBAL, and for which GLOBAL owes PALCO $155,277.34 pursuant to the parties' agreement, which GLOBAL has not paid despite demand for payment by PALCO.

19.     Additionally, GLOBAL has instructed PALCO to perform repair, refurbishing, and/or remanufacturing services upon various cell phones, which PALCO has undertaken and are in various stages of repair, refurbishing, and/or remanufacturing and/or for which PALCO purchased replacement parts, for which GLOBAL owes, or will owe, PALCO $82,583.15 pursuant to the parties' agreement.

20.     With respect to the cell phones that GLOBAL has instructed PALCO to repair and which are in various stages of repair, refurbishing, and/or remanufacturing, PALCO is ready, willing and able to perform, or is presently performing, the repairs GLOBAL has instructed PALCO to perform.

21.     With respect to the cell phones that GLOBAL has instructed PALCO to repair and which are in various stages of repair, refurbishing, and/or remanufacturing, PALCO has requested, but GLOBAL has refused, to provide, assurances that GLOBAL will pay for PALCO's services, including a demand for cash upon delivery of the repaired cell phones.

22.     As a proximate result of GLOBAL's breaches and refusals, Plaintiff PALCO has been damaged in an amount no less than $237,860.49 as near as can now be estimated, plus collection costs and interest.  In addition to those losses, Plaintiff has incurred other costs and expenses in amounts not yet ascertained.

### AS AND FOR PLAINTIFF'S
### SECOND CAUSE OF ACTION FOR QUANTUM MERUIT

23.     Plaintiff incorporates by reference paragraphs "1" through "22" of this Complaint as if herein stated in full.

24.     Plaintiff rendered the services, outlined above and incorporated herein, for compensation and for the benefit of the Defendant and as requested and authorized by Defendant.

25.     Defendant has benefited from Plaintiff's services and advances of ancillary sums, including the purchase of replacement parts.

26.     Plaintiff has not been compensated by Defendant for its services and ancillary sums with respect to PALCO's repair, refurbishing, and/or remanufacturing of GLOBAL's cell phones as set forth in this Complaint.

27.     The fair and reasonable value of the services Plaintiff provided to Defendant for which it has not been compensated is at least $237,860.49.

28.    Defendant's failure to pay Plaintiff has damaged Plaintiff in an amount equal to the reasonable compensation for Plaintiff's services and reimbursement for ancillary sums made on behalf of Defendant in an amount as near as can now be estimated of no less than $237,860.49, plus interest and costs.

**WHEREFORE**, Plaintiff PALCO TELECOM SERVICE, INC. requests judgment against the Defendant GLOBAL WARRANTY GROUP, LLC for the following:

(i)    compensatory damages for Plaintiff PALCO's general and consequential damages in the amount not less than $237,860.49, with interest at the rate of 9% per year on such amount awarded;

(ii)    costs and disbursements incurred in this action; and

(iii)    such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 13, 2014

Respectfully submitted,

NICOLETTI HORNIG & SWEENEY
*Attorneys for Plaintiff Palco Telecom*
*Service Inc.*

By:_____s/John A.V. Nicoletti_____
      John A.V. Nicoletti, Esq.
      Wall Street Plaza
      88 Pine Street, Seventh Floor
      New York, New York 10005-1801
      Tel. No. (212) 220-3830
      File No. 00001135 (JAVN/WMF)

TO:

Global Warranty Group, LLC
500 Middle Country Road, Suite 100
Saint James, New York 11780

T:\wfennell\Complaint (#00001135)(FINAL).doc