UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PALCO TELECOM SERVICE, INC.,

                    Plaintiff,          **ADOPTION ORDER**
                                                 14-CV-4818(ADS)(SIL)

    -against-

GLOBAL WARRANTY GROUP, LLC,

                    Defendant.
----------------------------------------------------------------x

**FILED**
**CLERK**
11/24/2015 9:48 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

**Nicoletti, Hornig & Sweeney**
*Attorneys for the Plaintiffs*
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005
       By:  John A.V. Nicoletti, Esq.
              William M. Fennell, Esq., Of Counsel

**NO APPEARANCES:**

**The Defendant**


**SPATT, District Judge:**

      On August 13, 2014, the Plaintiff Palco Telecom Service, Inc. ("Palco" or the "Plaintiff") commenced this diversity breach of contract action against the Defendant Global Warranty Group, LLC ("Global" or the "Defendant"). The Plaintiff asserted causes of action sounding in common law breach of contract and quantum meruit arising from an alleged contract between the parties.

      On September 10, 2014, the Clerk of the Court noted the Defendant's default.

      On September 12, 2014, the Plaintiff moved for a default judgment.

1

On September 17, 2014, this Court referred the matter to United States Magistrate Judge Steven I. Locke for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorneys' fees and costs.

On February 5, 2015, Judge Locke issued a Report and Recommendation (the "R&R"), recommending that the Plaintiffs' motion for a default judgment be granted, but that no award of damages issue. In particular, Judge Locke found that, the "Plaintiff summarily allege[d] compensatory damages totaling $237,860.49" but had failed to "put forth any evidence whatsoever to substantiate th[at] figure[ ]." R&R at 18. Judge Locke wrote that while such bare allegations of damages were sufficient, when taken as true, to make out a prima facie cause of action for breach of contract, "the scant documentary evidence provided [wa]s insufficient to establish a sufficient basis from which to evaluate the fairness of the sums the Plaintiff s[ought] to recover." Id. at 18 (internal quotation marks and citations omitted). Accordingly, Judge Locke recommended that the Plaintiff's request for compensatory damages be denied, without prejudice, and with leave to submit additional supporting evidence.

For substantially the same reason, namely, that the Plaintiff had failed to proffer any related evidence, Judge Locke recommended that the Plaintiffs' requests for pre- and post-judgment interest and costs of the action be denied without prejudice and with leave to renew.

On March 31, 2015, this Court adopted the R&R in its entirety and, shortly thereafter, a partial default judgment was entered in the Plaintiffs' favor.

On April 30, 2015, consistent with the R&R, the Plaintiff's filed a renewed motion for damages resulting from the Defendants' default. No opposition was filed.

On May 5, 2015, the Court again referred the matter to Judge Locke for a recommendation as to whether the motion for a default judgment should be granted, and if so, the appropriate measure of damages.

On August 17, 2015, Judge Locke issued a second Report and Recommendation (the "Second R&R"), which further recommended that the Plaintiff be awarded compensatory damages in the amount of $212,238.90, plus prejudgment interest totaling $21,529.77 and additional *per diem* interest of $52.34 for each day after the date on which the R&R was issued until judgment is entered. Pursuant to 28 U.S.C. § 1961(a), Judge Locke further recommended that post-judgment interest be awarded in an amount equal to the weekly average 1-week constant maturity Treasury yield for the week immediately preceding the date on which judgment is entered.

On August 19, 2015, the Plaintiffs filed proof of service of the Second R&R on the Defendant.

More than fourteen days have elapsed since service of the Second R&R on the Defendant, who has failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the August 17, 2015 Report and Recommendation is adopted in its entirety, and the Clerk of the Court is respectfully directed to enter judgment in favor of the Plaintiff in the amount of $233,768.67, plus additional prejudgment interest of $52.34 per day for each day from August 17, 2015, the date on which the R&R issued, until the date judgment is entered. The Clerk's judgment shall further include an award of post-judgment interest in an amount equal to the weekly average 1-week constant maturity Treasury yield for the week immediately preceding the date on which judgment is entered.

This matter having been fully resolved, the case is closed.

It is **SO ORDERED**

Dated: Central Islip, New York
November 24, 2015   */s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge